IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL LAVOIE, | § |
| Plaintiff, | § Civil Action No. |
| v. | § |
| TRANSWORLD SYSTEMS, INC., | § Jury Trial Demanded |
| Defendant. | § |

## COMPLAINT

MICHAEL LAVOIE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TRANSWORLD SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Sachse, Texas 75048.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania 19034.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant placed repeated harassing telephone calls to Plaintiff on his home telephone seeking to collect an alleged consumer debt.

12. The alleged debt arose out of transactions that were primarily for personal, family or household purposes.

13. Shortly after the calls started, Plaintiff told Defendant to stop calling.

14. Defendant heard and acknowledged Plaintiff's request to stop calling, but nonetheless continued to call his repeatedly.

15. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

16. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

17. Plaintiff found Defendant's calls to be invasive, harassing, intrusive and upsetting.

18. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

.

## COUNT I
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

21. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

22. Defendant violated both sections of the FDCPA by placing repeated harassing telephone calls to Plaintiff and continuing to call knowing its calls were unwanted.

WHEREFORE, Plaintiff, MICHAEL LAVOIE, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL LAVOIE, demands a jury trial in this case.

Respectfully submitted,

Dated: 3-18-2020                  By: */s/ Amy L. Bennecoff Ginsburg*
                                      Amy L. Bennecoff Ginsburg, Esq.
                                      Kimmel & Silverman, P.C.
                                      30 East Butler Pike
                                      Ambler, PA 19002
                                      Phone: (215) 540-8888
                                      Facsimile: (877) 788-2864
                                      Email: aginsburg@creditlaw.com